UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ARCOS, MARTIN ARCOS, and CHRISTIAN ORTIZ, as individuals and on behalf of themselves and all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>INSTALLED BUILDING PRODUCTS, LLC, a Delaware Corporation; OJ INSULATION HOLDINGS, INC., a Delaware Corporation; OJ INSULATION, L.P., a Delaware limited partnership; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-02542-BEN-JLB<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br>[Doc. 43] |

On May 6, 2019 at 10:30 a.m., the Court held a Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23 to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

1  The Court has read and considered the Settlement Agreement, Motion for Attorneys' Fees, Final Approval Motion, and record. **NOW, THEREFORE, IT IS HEREBY ORDERED:**

2. 1. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement dated January 14, 2018, [Doc. 40], a Notice of Class Action Settlement ("Notice") was sent to each member of the Class by first-class mail. The Notice informed the class of the terms of the Settlement, of their right to receive their proportional share of the Settlement without the need to take any action, of their right to request exclusion, of their right to comment upon or object to the Settlement, and of their right to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. As a part of this notice process, two Class Members opted out; no Class Member has stated an intention to appear at the final approval hearing; and no Class Member has objected to the Settlement Agreement.

3. 2. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. 3. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. 4. The Court finds and determines that the Settlement payments to be paid to the Settlement Class Members as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Settlement Class Members in accordance with the terms of the Settlement.

5. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

6. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to Participating Class Members in accordance with the Settlement.

7. The Court hereby enters FINAL JUDGMENT in this case accordance with the terms of the Settlement, Order Granting Preliminary Approval of Class Action Settlement, and this Order.

8. The Court hereby defines the Class as: "All persons currently or formerly employed by Installed Building Products, LLC, OJ Insulation Holdings, Inc., and OJ Insulation, L.P. (collectively "Defendants"), or Defendants' predecessors, in the State of California as hourly insulation installers during the time frame of November 14, 2013 through January 14, 2019, and who did not submit a valid and timely Request for Exclusion."

9. The Court hereby enters final judgment and permanently enjoins all Class Members who did not timely opt out of the Settlement Agreement from prosecuting against any of the Released Parties, any individual, class, or collective claims based on any of the Released Claims.

10. The Parties are hereby ordered to comply with the terms of the Settlement.

11. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement and the Court's Order Granting Class Representative Payments, Class Counsel Payments and Litigation Expenses, and Administrator Payments.

12. The Court hereby awards Class Counsels' attorneys' fees and litigation costs in the amount of Thirty-Three point three percent (33.3%) of the Gross Settlement Amount, not to exceed Two Hundred Forty-nine Thousand Nine Hundred Seventy-five dollars and no cents ($249,975.00). The Court hereby awards litigation costs of Twenty Thousand

Seven Hundred Twenty-Five Dollars and Fifty-Six Cents ($20,725.56). The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Amount in accordance with the Settlement.

13. The Court hereby approves an enhancement award to Class Representative JESUS MARTIN in the amount of Five Thousand Dollars and No Cents ($5,000.00). The Court hereby approves an enhancement award to Class Representative MARTIN ARCOS in the amount of Five Thousand Dollars and No Cents ($5,000.00). The Court hereby approves an enhancement award to Class Representative CHRISTIAN ORTIZ in the amount of Five Thousand Dollars and No Cents ($5,000.00). The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Amount in accordance with the Settlement.

14. The Court finds and determines that the fees and expenses of Simpluris, Inc. in administering the Settlement, in the amount of Eight Thousand Fifteen Dollars and No Cents ($8,015.00), are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Amount in accordance with the Settlement.

15. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order.

16. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

17. Pursuant to the Settlement Agreement, within fifteen (15) days of the "Final Effective Date," as defined in paragraph 1.i of the Settlement Agreement, Defendant shall fund the Gross Settlement Amount, or Seven Hundred Fifty Thousand Dollars ($750,000.00) to the Settlement Administrator, Simpluris, Inc. which will establish a Qualified Settlement Fund as required by the Settlement Agreement.

18. Pursuant to the Settlement Agreement, within fifteen (15) days following Defendants' remittance to the Settlement Administrator of the Gross Settlement Funds,

Simpluris shall issue settlement checks to eligible class members. Further, pursuant to the Settlement Agreement, within fifteen (15) days after receiving the Gross Settlement Funds, Simpluris shall issue checks for payment:

    a. to each named Plaintiff/Class Representative, the Court-Awarded Class Representative Payment;

    b. to Class Counsel, the Court-Awarded Class Counsel Fee Payment and the Court-Awarded Class Counsel Litigation Expense Payment;

    c. to the responsible tax authorities, the employer's share of payroll taxes resulting from the Settlement;

    d. to the Settlement Administrator, its reasonable fees and expenses as approved by the Court; and

19. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

20. The Court hereby dismisses the Action on the merits with prejudice pursuant to the terms set forth in the Settlement Agreement between the Parties. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement and all order and judgments entered in connection therewith.

**IT IS SO ORDERED.**

Date: May __, 2019

HON. ROGER T. BENITEZ
United States District Judge